FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10527 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00289-SBA |
| v. | |
| JOSE IRAHETA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jose Iraheta appeals from the 57-month sentence imposed following his

guilty-plea conviction for illegal reentry following deportation, in violation of

8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Iraheta contends that the district court procedurally erred by failing to consider his challenge to the sentencing enhancement under U.S.S.G. § 2L1.2(b), by giving too much weight to the Guidelines, by failing to address the 18 U.S.C. § 3553(a) sentencing factors, and by failing to provide an adequate explanation for the sentence. We review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). There is no plain error here because "the district court listened to [Iraheta's] arguments, stated that it had reviewed the criteria set forth in § 3553(a), and imposed a sentence within the Guidelines range." *Id.*

Iraheta also contends that the sentence is substantively unreasonable because application of the 16-level sentencing enhancement under U.S.S.G. § 2L1.2 resulted in a sentence that was greater than necessary to meet the goals of sentencing. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence at the bottom of the Guidelines range was not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Valencia-Barragan*, 608 F.3d at 1108-09.

**AFFIRMED**.

10-10527